IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY J. HUFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0419-WS-C |
| | ) |
| M/V CELERINA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion to Dismiss without Prejudice (doc. 11). Plaintiff seeks to dismiss her claims in federal court and refile them in state court in order to preserve her right to a jury trial. Defendants object to the proposed dismissal of plaintiff's lawsuit and urge the Court to deny the Motion.

This case arises from the death of Tim Huff on or about June 21, 2008, while assisting in the unloading of the M/V CELERINA at or near the mouth of the Mobile River in Mobile, Alabama.[1] On July 14, 2009, plaintiff, Nancy J. Huff, individually and as surviving wife, administratrix, and personal representative of the estate of Tim Huff, filed the Complaint (doc. 1) in this District Court against the following defendants: M/V CELERINA, her hull, engines, tackle, equipment, and appurtenances, *in rem*; Suisse-Atlantique Societé de Navigation Maritime S.A.; and Oceana Shipping AG. Plaintiff brought claims against defendants for unseaworthiness, negligence, and loss of services, consortium and companionship, plus recovery of funeral expenses. The Complaint posits that federal jurisdiction is grounded in both 28 U.S.C. § 1332(a) (diversity jurisdiction) and 28 U.S.C. § 1333(1) (admiralty jurisdiction).

On September 28, 2009, the Court granted plaintiff leave to file a First Amended Complaint naming as additional parties defendant two alleged charterers of the M/V CELERINA

---

[1] According to the well-pleaded allegations of the Complaint, Huff was descending into the hold of the vessel to clear a snagged crane basket when he was deprived of oxygen, as a result of which he fell from the ladder and subsequently died.

at the time of the accident.  (*See* doc. 10.)  Shortly thereafter, plaintiff filed a Motion to Dismiss without Prejudice pursuant to Rule 41(a)(2), Fed.R.Civ.P.  As grounds for this Motion, plaintiff explained that she had recently become aware that a local stevedoring company, Premier Bulk Stevedoring, LLC, was involved in the unloading of the vessel at the time of the accident.  Plaintiff expressed concern that if (as plaintiff intends to do) she joins Premier in this action as a defendant, and if (as she believes to be the case) any of Premier's members are citizens of Alabama, then diversity jurisdiction would be destroyed, leaving admiralty jurisdiction as the sole basis for federal jurisdiction and extinguishing her right to jury trial in federal court through no fault of her own.  Thus, plaintiff's purpose in filing her Rule 41(a)(2) Motion is to have her federal lawsuit dismissed without prejudice so that she may refile her lawsuit in state court (with her right to jury intact) and add Premier as an additional and potentially non-diverse defendant.

Defendants Suisse-Atlantique Societé de Navigation Maritime S.A. and Oceana Shipping AG have filed a Response (doc. 13) in opposition to the Motion to Dismiss.  These defendants contend that the Motion is "premature" because it is possible that no members of Premier are of Alabama citizenship, in which case diversity jurisdiction would remain intact even if Premier were joined as a defendant.[2]  Besides, defendants argue, even if Premier is non-diverse, admiralty jurisdiction would remain in place and maybe Premier and the remaining defendants would consent to a jury trial under Rule 39(c), Fed.R.Civ.P.[3]  On these theories, Suisse-Atlantique and Oceana propose that a "wait-and-see" approach be taken and that plaintiff not be permitted to dismiss her claims without prejudice <u>unless</u> Premier is found to be non-diverse and all defendants do not thereafter consent to jury trial in federal court pursuant to Rule 39(c).

The Eleventh Circuit has observed that "in most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other th[a]n the mere prospect of a

---

[2]   Neither side has unearthed definitive evidence as to the citizenship of Premier's members; however, it is known that Premier is an Alabama LLC, that its forming member has or had an Alabama address, and that Alabama State Docks lists Alabama contact information for Premier.

[3]   Of course, notwithstanding Suisse-Atlantique and Oceana's representations that they would consent to a jury trial in those circumstances, it is sheer conjecture as to whether any of the other defendants and putative defendants (much less all of them) would do so.

subsequent lawsuit, as a result. ... The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citations and internal quotation marks omitted); *see also Fisher v. Puerto Rico Marine Management, Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991) (explaining that "in most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice," and that "Rule 41(a)(2) exists chiefly for protection of defendants"); *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) ("absent legal prejudice to the defendant, the district court normally should grant" a voluntary dismissal) (citation omitted).[4]

Here, Suisse-Atlantique and Oceana have identified no conceivable prejudice that would accrue to them if the Motion to Dismiss were granted and plaintiff immediately refiled her claims in state court. Plaintiff filed this case in federal court just three months ago. No Rule 26(f) meeting and report has occurred yet. No Rule 16(b) scheduling order has been entered. There has been minimal motion practice. In short, these defendants fail to show any substantial investment or expense incurred in this incarnation of plaintiff's lawsuit that would be lost or require duplication if they were forced to begin anew in state court. More broadly, there is no indication and no reason to believe that any material harm (other than the new lawsuit, which is insufficient under *Pontenberg*) will befall defendants if plaintiff's Rule 41(a)(2) motion is granted. To be sure, these defendants are correct that plaintiff could have waited to see how the Premier citizenship and Rule 39(c) consent issues play out before moving for voluntary dismissal; however, they cite no authority and identify no legal principle that would obligate plaintiff to do so before filing a Rule 41(a)(2) motion.

In the absence of any showing of prejudice, much less clear legal prejudice, to Suisse-

---

[4] An example of a circumstance where denial of a motion for voluntary dismissal is appropriate would be a case in which, more than three years into the litigation's lifespan, a plaintiff moved for voluntary dismissal to circumvent the denial of its request for extension of its expert disclosure deadline, where a defendant would incur clear legal prejudice by having to start anew after numerous motions had been filed, extensive discovery had been produced, and so on. *Fisher v. Ciba Specialty Chemicals Corp.*, 2007 WL 987457, *4 (S.D. Ala. Mar. 30, 2007); *see also In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1259 (11th Cir. 2006) (denial of Rule 41(a)(2) motion not an abuse of discretion where parties' extensive discovery had concluded and case was ready for trial).

Atlantique, Oceana, or anyone else, the Court exercises its discretion by **granting** plaintiff's Motion to Dismiss. This action is hereby **dismissed without prejudice** pursuant to Rule 41(a)(2), Fed.R.Civ.P.

DONE and ORDERED this 2nd day of November, 2009.

<u>s/ WILLIAM H. STEELE</u>
UNITED STATES DISTRICT JUDGE